**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE BALDERRAMA LAVIN,** | § | |
|     **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00872-DB** |
| | § | |
| **WARDEN OF ERO EL PASO EAST** | § | |
| **CAMP MONTANA**, *in their official* | § | |
| *capacity, et al.*, | § | |
|     **Respondents.** | § | |

## ORDER

On this day, the Court considered the above-captioned case. On March 27, 2026, Petitioner Jose Balderrama Lavin filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. ECF No. 1 at 1. He argues his detention is unlawful and asks the Court to order his release or a custody review pursuant to ICE policy. *Id.* at 30.  On March 30, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 4.

Petitioner is a citizen of Mexico who first entered the United States in 1995. ECF No. 1 at 1–2. Following the death of his mother, Petitioner returned to Mexico for a brief period in 2011. *Id.* at 2. Petitioner attempted to return to the United States that same year but was apprehended by border patrol, issued an Order of Expedited Removal, and returned to Mexico. *Id.* Sometime thereafter, Petitioner returned to the United States to seek protection. *Id.* An Immigration Judge ("IJ") granted Petitioner withholding of removal to Mexico in August 2013. *Id.* Petitioner was then released pursuant to an Order of Supervision ("OSUP") and has been living in the United States

since. *Id.* at 2–3. He was issued a work permit, driver's license, and social security number. *Id.* at 2. However, on January 9, 2026, Petitioner was detained while appearing for a scheduled Immigration and Customs Enforcement ("ICE") check-in. *Id.* at 3. He was detained without notice or reason, without any opportunity to present a defense to detention, without any notice of formal revocation of his order of supervision, or any opportunity to prepare for an orderly removal. *Id.* Petitioner asserts, among other things, that his detention violates the Due Process Clause because ICE revoked his OSUP without providing written notice or a meaningful opportunity to respond to the reasons for revocation. *Id.* at 21–23.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026) (holding that ICE's failure to issue a Notice of Revocation of Supervised Release and provide petitioner an informal interview constituted a violation of due process); *Huang v. Superintendent, ERO El Paso Camp East Montana*, No. EP-25-CV-00730-DB (W.D. Tex. Jan. 30, 2026) (holding that superficial compliance with the revocation procedures set forth in 8 C.F.R. § 241 is insufficient to satisfy the requirements of the regulation and due process more generally); *Ly v. U.S. Dept. of Homeland Sec.*, No. EP-26-CV-00278-DB (W.D. Tex. Mar. 11, 2026) (holding that predictions regarding the securance of travel documents are insufficient to satisfy the notice requirements contained in 8 C.F.R. § 241). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 2 at 3. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on

2

the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Yet, in their Response, ECF No. 3, filed on April 2, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome. Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 3 *with Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026) (rejecting Respondents' argument that Petitioner's detention is lawful under 8 U.S.C. § 1231(a)(6)); *Huang v. Superintendent, ERO El Paso Camp East Montana*, No. EP-25-CV-00730-DB (W.D. Tex. Jan. 30, 2026) (rejecting Respondents' argument that Petitioner's detention is lawful under 8 U.S.C. § 1231(a)(6) and that ICE afforded Petitioner due process simply because they provided Petitioner a generalized Notice of Revocation and an informal interview).

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Qudus* and *Huang*, **IT IS HEREBY ORDERED** Jose Balderrama Lavin's "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody by **no later than April 7, 2026,** subject to the same conditions of supervision imposed prior to his re-detention on January 9, 2026.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than April 9, 2026.**

**IT IS FURTHER ORDERED** that Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than April 16, 2026.**

**SIGNED** this **6th** day of **April 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**